# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *   *
                                      *
JMR CONSTRUCTION CORP.,               *
                                      *
        Plaintiff,                    *
                                      *
                                      *   No. 11-187C
    v.                                *   Filed: March 28, 2016
                                      *
UNITED STATES,                        *
                                      *
        Defendant.                    *
                                      *
* * * * * * * * * * * * * * * * * *   *
```

## O R D E R

On March 14, 2016, defendant filed a motion for leave to amend its July 25, 2011 answer now, according to defendant, "to include a counterclaim for an overpaid settlement amount of $9,976; such counterclaim matured after pleading on or about March 11, 2015, the date of overpayment." As explained in a joint status report filed more than eleven months ago, on April 21, 2015:

> In our last filing [on January 22, 2015] the parties advised the Court that the only remaining task to complete the parties' settlement was payment. Payment has been made. Unfortunately, due to an administrative oversight, the Army Corps of Engineers overpaid JMR. JMR is diligently trying to repay those funds that are in excess of the settlement terms and expects that payment will be made within 45 days. The parties have agreed that, once the settlement terms are implemented, they will enter a joint stipulation of dismissal of this lawsuit with prejudice.

After this court held status conferences on February 18, 2016 and March 4, 2016,[1] the court remained unconvinced, given the earlier resolution of plaintiff's claims on the merits and payment to plaintiff in case number 11-187C, whether the above captioned case should remain as a pending case and whether jurisdiction was proper over the government's settlement repayment claim, which defendant now attempts to pursue though its motion for leave to amend its July 25, 2011 answer.

As defendant attempts to explain in the March 14, 2016 motion for leave to amend its July 25, 2011 answer,

> this case has been subject to a lengthy stay (that was recently lifted) based upon representations by J.M.R. Construction, Corp. (JMR) that when

---

[1] The undersigned Judge was assigned the case on January 15, 2016 after the Judge assigned previously to the case retired from the court.

certain financial transactions were completed JMR would be able to repay the undisputed overpaid amount of $9,976 such that the parties would be able to file the joint stipulation of dismissal, with prejudice, as required by the settlement agreement executed on February 9, 2015 by counsel for the plaintiff, and February 19, 2015 by the Government. Based upon multiple representations of forthcoming payment, the Government determined that JMR should be provided an opportunity make repayment.

The government suggests that, "far from evidencing dilatory or prejudicial conduct, or conduct evidencing bad faith, the Government withholding its assertion of a counterclaim for an undisputed breach of the settlement agreement was for JMR's benefit," and "[u]nder these circumstances, there is no basis for the Court to deny the Government leave to amend its counterclaim." Plaintiff's counsel argues that, "[e]ffectively, the Government asks the Court for permission to try a[n] entirely new matter that arose because of the Government's mistake in payment of a stipulated settlement as though the overpayment was entitled to 'relation back' under another rule allowing pre-trial amendments."

At the March 4, 2016 status conference, this court indicated to plaintiff's representative, who was present at the status conference, how inappropriate it is not to repay monies, which, plaintiff readily admits, are owed to the government. Plaintiff's representative admits that plaintiff received the overpayment, but states that plaintiff no longer has the funds available to repay the government. Plaintiff has an obligation to return the overpayments to the government, and the court does not condone plaintiff's failure to repay. Despite the court's disappointment in plaintiff's actions to accept funds to which it was not entitled and failing to return the overpayment to the government, the court agrees with plaintiff's counsel that the overpayment is distinct from the merits of the above captioned case, number 11-187C, which previously was settled on the merits by the parties. Defendant's motion to amend its answer, originally filed on July 25, 2011, to allow defendant to try and recover the overpayment made by defendant to plaintiff after a settlement on the merits and payment to the plaintiff is inappropriate. Defendant is not without an available method, albeit more cumbersome, to recoup the overpayment made by the client agency to plaintiff. Defendant's motion for leave to amend the answer is **DENIED**. The above captioned case is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**